IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE D. FORD )
) No. 15-603
v.

CAROLYN W. COLVIN

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability benefits and supplemental social security income, based on allegations of mental and physical impairments. Plaintiff's claim was denied initially and on reconsideration, and again upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied his request for review, and this appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded for further proceedings.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II. THE PARTIES' MOTIONS**

Plaintiff first contends that the ALJ erred in finding that he did not meet the criteria for Listing 12.04, which relates to affective disorders.

In support of his contention that he meets the Listing, Plaintiff relies on the opinions of Lisa Cannon, Psy. D., Linda Rockey, Psy. D., and Sharna Olfman, Ph. D. In her decision, the ALJ explained that the medical record as a whole did not support the marked and extreme limitations stated in Dr. Olfman's opinion. However, the ALJ neither addressed nor referred to Dr. Rockey's opinion based on a consultative exam, or Dr. Cannon's Psychiatric Review Technique or Mental RFC, both completed in 2008 and made part of the record before the ALJ. Plaintiff's argument rests on the contention that the opinions of Drs. Rockey and Cannon support

2

the applicability of the Listing; she does not explicitly argue that the ALJ entirely failed to address that evidence. Nevertheless, Plaintiff's argument necessarily embraces the ALJ's failure.

An ALJ's RFC assessment is required by regulation to consider all relevant evidence, including the claimant's medical records, medical source opinions, and the claimant's own testimony. 20 C.F.R. § 404.1545(a). In considering the record, an ALJ may accept some parts of the medical evidence and reject other parts, so long as she considers all of the evidence and gives some reason for discounting the evidence he rejects. Wilson v. Colvin, 2014 U.S. Dist. LEXIS 136974, at **5-6 (W.D. Pa. Sept. 29, 2014). Moreover, an ALJ must provide sufficient explanation her final determination, to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). Here, the ALJ may well have had good reason to discount the opinions of Drs. Rockey and Cannon, but without an explanation, the Court cannot know whether those opinions were rejected or merely, but entirely, ignored. Absent explanation from the ALJ, I am unable to conduct a meaningful review. This omission also impacts Plaintiff's challenge to the RFC, and warrants remand.

As a final matter, Plaintiff also argues that the ALJ erred in failing to rely on the vocational expert's response to a limitation, based on Plaintiff's testimony that he needed to lie down a number of times during the day. The ALJ, however, explicitly considered Plaintiff's testimony in that regard, and properly assessed Plaintiff's credibility. I find no error in this regard. However, to the extent that the ALJ's credibility assessment might be impacted by the consideration of the opinions of Drs. Rockey and Cannon, she should take the opportunity to revisit her assessment on remand. She may also, of course, hold an additional hearing if appropriate.

## CONCLUSION

In sum, this matter will be remanded for explanation of why the ALJ rejected, or for initial consideration of, the opinions of Drs. Rockey and Cannon. An appropriate Order follows.

## ORDER

AND NOW, this 28th day of January, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is granted, and Defendant's denied. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court